EXHIBIT A

1. Plaintiff's Original Petition

2. Affidavit of Service

CAUSE NO. **CV18,154**

| | | |
|---|---|---|
| **DAN DALE BURCH** | § | **IN THE DISTRICT COURT** |
| | § | |
| **vs.** | § | **258TH JUDICIAL DISTRICT** |
| | § | |
| **ABC SKATEBOARDERS LLC and** | § | |
| **LELAND DANDRE BAKER and** | § | **SAN JACINTO COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DAN DALE BURCH, hereinafter referred to as "Plaintiff," complaining of ABC SKATEBOARDERS LLC and its driver, LELAND DANDRE BAKER, hereinafter identified by name or collectively as "Defendants," and for his causes of action against Defendants, would respectfully show unto the Court as follows:

### I.
### DISCOVERY

Plaintiff notifies the Court and Defendants of his intention to prosecute this case pursuant to the discovery provisions of Tex. R. Civ. P. 190.4 (Level III), and respectfully requests the Court's issuance of an appropriate discovery control plan.

### II.
### CLAIM FOR RELIEF
### (Tex. R. Civ. P. 47)

Plaintiff seeks damages within the jurisdictional limits of the Court.

Plaintiff seeks monetary relief over $250,000.00, but not more than $1,000,000.00. Plaintiff reserves the right to amend this allegation as may be necessary.

## III.
## PARTIES

Plaintiff is an individual who resided in Texas at all times material to this cause.

Defendant, LELAND DANDRE BAKER, is an individual who resided in Louisiana at all times material to this cause. Because this action arises out of a collision in which a nonresident or agent of a nonresident was involved, service upon Defendant may be made pursuant to TEX. CIV. PRAC. & REM. CODE ANN. §§17.061, *et seq.*, by service upon the Chairman of the Texas Transportation Commission: J. Bruce Bugg, Jr., TEXAS TRANSPORTATION COMMISSION, 125 E. 11th Street, Austin, Texas 78701-2483, to be forwarded by Chairman Bugg to Defendant by certified mail, return receipt requested at his last-known residence: Leland Dandre Baker, 8926 Brandon Drive, Shreveport, Louisiana 71118.

Defendant, ABC SKATEBOARDERS LLC, is a Louisiana limited liability company. On information and belief, Defendant has not designated or maintained a resident agent for service of process in this State. Defendant may be served with process through the Office of the Secretary of State, Attn: Service of Process, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701, to be forwarded to Defendant at its principal place of business as follows: 10043 Loveland CT, Shreveport, Louisiana 71106. Further, Defendant filed a form BOC-3 with the Federal Motor Carrier Safety Administration making a blanket designation naming TRUCK PROCESS AGENTS OF AMERICA INC. its process agent in the State of Texas. Service of process on Defendant may be made by serving its process agent: TRUCK PROCESS AGENTS OF AMERICA INC., 2100 14th Street, Suite 107, PMB 1188, Plano, Texas 75074. Plaintiff requests that citation be issued, and service will be effected via private process server.

## IV.
## VENUE

Venue is proper in San Jacinto County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1).

## V.
## OPERATIVE FACTS

On or about May 1, 2023, Plaintiff was operating a motor vehicle and heading southbound in the inside lane of US 59 in San Jacinto County, Texas. At the same time, Defendant LELAND DANDRE BAKER was operating a tractor-trailer in the course and scope of his employment with Defendant ABC SKATEBOARDERS LLC, also heading southbound on US 59 behind Plaintiff. As Plaintiff entered the left turn lane and slowed his vehicle in anticipation of a left turn, Defendant LELAND DANDRE BAKER violently crashed the tractor-trailer he was driving into the rear of Plaintiff's vehicle.

At all times material to this cause, Defendant LELAND DANDRE BAKER was employed by Defendant ABC SKATEBOARDERS LLC, was acting in the course and scope of such employment, and/or was the agent of Defendant ABC SKATEBOARDERS LLC.

The collision caused Plaintiff to suffer bodily injuries and other damages within the jurisdiction of the Court. Plaintiff neither caused nor contributed to the collision.

## VI.
## CAUSE(S) OF ACTION AGAINST LELAND DANDRE BAKER

**A.**   *Negligence*

The collision made the basis of this suit, and the resulting injuries and damages suffered by Plaintiff, were proximately caused by the negligent conduct of Defendant LELAND DANDRE BAKER in one or more of the following respects:

3

1. Failing to keep a proper look out or such look out as a person of ordinary prudence – much less a professional truck driver – would have maintained under the same or similar circumstances;

2. Failing to operate his vehicle at such a speed, and in such a manner, as a person (and/or professional truck driver) of ordinary prudence under the same or similar circumstances, in violation of Texas Transportation Code §545.351(b)(2).

3. Failing to select a safe speed and operate his vehicle at such a safe speed, and in such a manner, as a professional truck driver is expected to drive;

4. Failing to sufficiently or properly control his vehicle as a person of ordinary prudence and a professional truck driver would have done under the same or similar circumstances;

5. Failing to yield the right-of-way to Plaintiff and others similarly situated, in violation of Texas Transportation Code §§545.051, 545.052 & 545.060.

6. Failing to conduct a proper pre-trip inspection of the tractor-trailer to ensure that the tires had sufficient tread to permit their safe use in the icy conditions that long preceded the crash in question; and,

7. Failing to maintain a safe following distance;

8. Failing to timely apply his brakes and/or take appropriate evasive action;

9. Failing to drive in accordance with the Federal Motor Carrier Safety Regulations ("FMCSRs");

10. Failing to drive in accordance with the Texas Transportation Code;

11. Failing to drive in accordance with the Texas Commercial Motor Vehicle Drivers Handbook, which incorporates provisions of the Texas Transportation Code which commercial drivers driving in Texas must follow, and which are adopted by reference into the FMCSRs per 49 C.F.R. 383.131;

12. Failing to know the relevant rules and regulations pertaining to his operation of the subject commercial vehicle, in violation of 49 C.F.R. 383.111, to wit:

4

*Required knowledge.*

*(a) All CMV operators must have knowledge of the following 20 general areas:*

*(1) Safe operations regulations. Driver-related elements of the regulations contained in parts 391, 392, 393, 395, 396, and 397 of this subchapter, such as:*

*(i) Motor vehicle inspection, repair, and maintenance requirements;*

*(ii) Procedures for safe vehicle operations;*

*(iii) The effects of fatigue, poor vision, hearing impairment, and general health upon safe commercial motor vehicle operation;*

*(iv) The types of motor vehicles and cargoes subject to the requirements contained in part 397 of this subchapter; and*

*(v) The effects of alcohol and drug use upon safe commercial motor vehicle operations.*

*(2) Safe vehicle control systems. The purpose and function of the controls and instruments commonly found on CMVs.*

*(3) CMV safety control systems.*

*(i) Proper use of the motor vehicle's safety system, including lights, horns, side and rear-view mirrors, proper mirror adjustments, fire extinguishers, symptoms of improper operation revealed through instruments, motor vehicle operation characteristics, and diagnosing malfunctions.*

*(ii) CMV drivers must have knowledge of the correct procedures needed to use these safety systems in an emergency situation, e.g., skids and loss of brakes.*

*(4) Basic control. The proper procedures for performing various basic maneuvers, including:*

*(i) Starting, warming up, and shutting down the engine;*

*(ii) Putting the vehicle in motion and stopping;*

*(iii) Backing in a straight line; and*

5

*(iv) Turning the vehicle, e.g., basic rules, off tracking, right/left turns and right curves.*

*(5) Shifting. The basic shifting rules and terms for common transmissions, including:*

*(i) Key elements of shifting, e.g., controls, when to shift, and double clutching;*

*(ii) Shift patterns and procedures; and*

*(iii) Consequences of improper shifting.*

. . .

*(7) Visual search. The importance of proper visual search, and proper visual search methods, including:*

*(i) Seeing ahead and to the sides;*

*(ii) Use of mirrors; and*

*(iii) Seeing to the rear.*

…

*(9) Speed management. The importance of understanding the effects of speed, including:*

*(i) Speed and stopping distance;*

*(ii) Speed and surface conditions;*

*(iii) Speed and the shape of the road;*

*(iv) Speed and visibility; and*

*(v) Speed and traffic flow.*

*(10) Space management. The procedures and techniques for controlling the space around the vehicle, including:*

*(i) The importance of space management;*

*(ii) Space cushions, e.g., controlling space ahead/to the rear;*

6

*(iii) Space to the sides; and*

*(iv) Space for traffic gaps.*

*. . .*

*(13) Hazard perceptions. The basic information on hazard perception and clues for recognition of hazards, including:*

*(i) Road characteristics; and*

*(ii) Road user activities.*

*(14) Emergency maneuvers. The basic information concerning when and how to make emergency maneuvers, including:*

*(i) Evasive steering;*

*(ii) Emergency stop;*

*(iii) Off road recovery;*

*(iv) Brake failure; and*

*(v) Blowouts.*

*. . .*

*(17) Vehicle inspections. The objectives and proper procedures for performing vehicle safety inspections, as follows:*

*(i) The importance of periodic inspection and repair to vehicle safety.*

*(ii) The effect of undiscovered malfunctions upon safety.*

*(iii) What safety-related parts to look for when inspecting vehicles, e.g., fluid leaks, interference with visibility, bad tires, wheel and rim defects, braking system defects, steering system defects, suspension system defects, exhaust system defects, coupling system defects, and cargo problems.*

      *(iv) Pre-trip/enroute/post-trip inspection procedures.*

      *(v) Reporting findings.*

*. . .*

    *(20) Fatigue and awareness. Practices that are important to staying alert and safe while driving, including;*

      *(i) Being prepared to drive;*

      *(ii) What to do when driving to avoid fatigue;*

      *(iii) What to do when sleepy while driving; and*

      *(iv) What to do when becoming ill while driving.*

Each of the above and foregoing acts and/or omissions of Defendant LELAND DANDRE BAKER, taken singularly or in combination, constitutes negligence.

**B.**    ***Negligence Per Se***

In addition, Plaintiff would show that the actions of Defendant LELAND DANDRE BAKER constituted negligence *per se* insofar as they violated provisions of the Federal Motor Carrier Safety Regulations and/or the Texas Transportation Code, including but not limited to any provisions listed above.

**C.**    Thus, under the common and statutory law of the State of Texas, Defendant LELAND DANDRE BAKER's negligence and/or negligence *per se* proximately caused the collision made the basis of this suit and the injuries and damages suffered by Plaintiff.

## VII.
## CAUSE(S) OF ACTION AGAINST ABC SKATEBOARDERS LLC

**A.**    ***Respondeat Superior***

At the time of the collision described above, Defendant LELAND DANDRE BAKER was operating a motor vehicle owned or operated by or with the permission of Defendant ABC SKATEBOARDERS LLC. Defendant LELAND DANDRE BAKER was the employee of Defendant ABC SKATEBOARDERS LLC and/or Defendant LELAND DANDRE BAKER was the borrowed servant truck driver for Defendant ABC SKATEBOARDERS LLC.

At the time of the crash in question, Defendant LELAND DANDRE BAKER was the agent, servant or (actual or statutory) employee of Defendant ABC SKATEBOARDERS LLC; he was acting within the course and scope of his authority as such agent, servant and employee; he was acting in furtherance of the business interests of Defendant ABC SKATEBOARDERS LLC; and Defendant ABC SKATEBOARDERS LLC had the right to control the manner and means of Defendant LELAND DANDRE BAKER's truck driving services. While acting in such capacity, Defendant LELAND DANDRE BAKER failed to use ordinary care by various acts and/or omissions, including, but not limited to, the above and foregoing acts and/or omissions. For the above-referenced reasons, Defendant ABC SKATEBOARDERS LLC is vicariously liable for Plaintiff's injuries and damages under the doctrine of respondeat superior.

The negligence of Defendant ABC SKATEBOARDERS LLC, acting by and through its driver, Defendant LELAND DANDRE BAKER, was a proximate cause of the incident, injuries and damages made the basis of this lawsuit.

**B.** *Branded Vehicle*

At all times material to this cause of action, the vehicle operated by Defendant LELAND DANDRE BAKER displayed the markings of Defendant ABC SKATEBOARDERS LLC, thereby constituting a branded vehicle and indicating that Defendant ABC SKATEBOARDERS LLC was the

owner of the vehicle and that Defendant LELAND DANDRE BAKER was an agent of Defendant ABC SKATEBOARDERS LLC. Defendant ABC SKATEBOARDERS LLC's acts and omissions, as described herein, were a proximate cause of the injuries and of the damages suffered by Plaintiffs.

**C.**  *Negligence*

At the time of the collision described above, Defendant ABC SKATEBOARDERS LLC failed to use ordinary care by various acts and/or omissions, including, but not limited to, the following, each of which, singularly or in combination with others, was/were a proximate cause of the occurrence, injuries, and damages in question:

1. Negligently entrusting the vehicle in question to Defendant LELAND DANDRE BAKER, when Defendant ABC SKATEBOARDERS LLC knew or should have known that Defendant LELAND DANDRE BAKER was a negligent and/or reckless and/or unlicensed driver;

2. Negligently hiring Defendant LELAND DANDRE BAKER to operate its vehicles (or vehicles subject to its control) when a reasonably prudent motor carrier would not have done so;

3. Failing to train and/or ensure the precedent training and knowledge of Defendant LELAND DANDRE BAKER, including, but not limited to, that pertaining to the safe operation of commercial vehicles in hazardous road or weather conditions;

4. Retaining Defendant LELAND DANDRE BAKER as an employee, agent, servant or representative even though Defendant ABC SKATEBOARDERS LLC knew, or in the exercise of reasonable care should have known, that Defendant LELAND DANDRE BAKER was incompetent and/or unfit to act in such capacity;

5. Negligently supervising Defendant LELAND DANDRE BAKER as Defendant ABC SKATEBOARDERS LLC knew that allowing, permitting, enticing, ordering, or otherwise pressuring

Defendant LELAND DANDRE BAKER to drive the vehicle in question in the conditions then prevailing prior to and at the time of the crash, constituted a grave and foreseeable risk to Defendant LELAND DANDRE BAKER as well as Plaintiff and others similarly situated and, indeed, created a high likelihood that someone would be injured or killed as a result;

      6.      Failing to properly inspect and maintain the tractor-trailer made the basis of this lawsuit; and

      7.      Failing to exercise reasonable care to prevent a foreseeable injury.

**D.**    *Nondelegable Duty*

Defendant ABC SKATEBOARDERS LLC retained some manner of control over the manner of how Defendant LELAND DANDRE BAKER performed his work. The work of Defendant LELAND DANDRE BAKER, *i.e.*, driving a tractor-trailer under the facts and circumstances described hereinabove, was inherently dangerous and/or statutorily prohibited.

**E.**    The foregoing acts and omissions of Defendants proximately caused the collision and Plaintiff's resulting injuries and damages.

## VIII.
## DAMAGES

Due to the conduct of Defendants, Plaintiff has suffered damages in excess of the jurisdictional minimums of this Court. The determination of many elements of damage is peculiarly within the province of the jury, and Plaintiff would rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably compensate him.

Plaintiff brings this suit for each of the categories of damages stated below, as well as all other damages to which he may be entitled, including but not limited to inconvenience and loss of enjoyment of life.

*Physical Pain, Suffering and Mental Anguish in the Past and Future*

The crash in question caused Plaintiff to suffer various injuries to his body and mind which resulted in physical pain, suffering, and mental anguish. Plaintiff will, in all reasonable probability, continue to experience such physical pain, suffering, and mental anguish for a long time in the future if not for the balance of his life. If it be found that Plaintiff was suffering from any predispositions, conditions or bodily infirmities prior to the date of the collision, Plaintiff would show unto the Court and jury that the same were neither disabling nor painful, but that as a result of the injuries suffered by Plaintiff on such occasion, and the effects thereof, the same had been aggravated and made worse, and caused to become disabling and painful.

*Reasonable and Necessary Medical Care in the Past and Future*

On account of the nature, seriousness, and severity of Plaintiff's injuries, Plaintiff has required medical care. Plaintiff has been required to pay and incur liability to pay the charges which have been and will be made for such medical services. It is reasonably probable that Plaintiff will require additional medical care and that Plaintiff will be required to pay and incur liability to pay the charges which will be made for such services.

The charges which have been and will be made for services rendered to Plaintiff have represented and will represent the usual, reasonable, and customary charges for like or similar services in the vicinity where they have been and will be rendered. All of these services, both past and future, have been and will be made necessary in connection with the proper treatment of the injuries sustained by Plaintiff as a result of this particular collision.

*Physical Incapacity/Impairment, Scarring and Disfigurement in the Past and Future*

As a result of his injuries and/or the reasonable and necessary treatment thereof, Plaintiff has sustained a loss of physical capacity in the past and he will, in all reasonable probability, continue to suffer from such physical incapacity/impairment. Plaintiff's injuries and/or the reasonable and necessary treatment thereof have also caused or will cause scarring and/or disfigurement which shall abide with Plaintiff for the remainder of his life.

*Lost Wages and Loss of Earning Capacity in the Past and Future*

Plaintiff was gainfully employed at the time of the collision in question, but for some time following the collision he was unable to work and/or unable to do the work he was accustomed to doing because of his physical injuries. Such work as Plaintiff has been able to do and will be able to do in the future (if any) has been or will be done under the handicap of pain and suffering.

It is reasonably probable that Plaintiff will continue to suffer a physical impediment and, thus, his earning capacity will be diminished. These injuries, and the effects thereof, are in reasonable probability of a lasting nature and will handicap Plaintiff for the balance of his life.

*Property Damage*

As a result of the crash made the basis of this lawsuit, Plaintiff seeks monetary damages for the damage to or total loss of his vehicle, as well as loss of use, including reasonable and necessary storage expenses and costs associated with renting a replacement vehicle.

## IX.
## CONDITIONS PRECEDENT
## (Tex. R. Civ. P. 54)

All conditions precedent to bringing and maintaining this lawsuit have been performed, waived, or have otherwise occurred.

## X.
## JURY DEMAND

PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY, FOR WHICH THE APPROPRIATE FEE HAS BEEN TENDERED.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer herein and that, upon final trial of this cause, Plaintiff have:

1. Judgment against Defendants for actual damages in an amount within the jurisdictional limits of the Court;

2. Pre-judgment interest as allowed by law;

3. Post-judgment interest as allowed by law;

4. Costs of Court;

5. Costs of Suit;

6. Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**BRUNKENHOEFER, P.C.**
500 N. Shoreline Blvd., Suite 1100
Corpus Christi, Texas 78401-0354
Tel:   (361) 888-8808
Fax:   (361) 888-5855

/s/ Michael B. Mathis
Michael B. Mathis
(mmathis@brunklaw.com)
Texas Bar No. 24083460
Blake Brunkenhoefer
(bbrunk@brunklaw.com)

Texas Bar No. 00783739
**E-service address:** efile@brunklaw.com*
*E-service is only accepted at the above-designated e-service email address.*

## AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| State of Texas | County of San Jacinto | 258th District Court |

Case Number: CV18,154

Plaintiff:
**DAN DALE BURCH**

vs.

Defendant:
**ABC SKATEBOARDERS LLC AND LELAND DANDRE BAKER**

For:
Michael B Mathis
Brunkenhoefer PC
500 N. Shoreline Blvd. Suite 1100
Corpus Christi, TX 78401

Received by Candace Faye Humphreys on the 16th day of January, 2025 at 2:39 pm to be served on **Leland Dandre Baker by serving: Texas Transportation Commission, 125 E. 11th Street, Austin, Travis County, TX 78701**.

I, Candace Faye Humphreys, being duly sworn, depose and say that on the **16th day of January, 2025 at 3:36 pm, I:**

served the **TRANSPORTATION COMMISSION** by delivering in duplicate a true copy of the **.Citation and Plaintiffs Original Petition** with the date of service endorsed thereon by me, to: **Carmen Jacquez** at **125 E. 11th Street, Austin, Travis County, TX 78701**, as the designated agent for the Texas Transportation Commission to accept service of process on behalf of **Leland Dandre Baker**. An administrative fee of $25.00 was also tendered.

**Description** of Person Served: Age: 50s, Sex: F, Race/Skin Color: Hispanic, Height: 5'4", Weight: 140, Hair: Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred. The facts in this affidavit are within my personal knowledge and are true and correct.

Subscribed and sworn to before me on the 16th day of January, 2025 by the affiant who is personally known to me.

NOTARY PUBLIC

NICOLE M. WADE
My Notary ID # 129086987
Expires August 9, 2028

_____
**Candace Faye Humphreys**
PSC-23879, Exp. 2/28/2026

1/16/2025
**Date**

**Allen Civil Process**
**9701 Compton Rd.**
**Corpus Christi, TX 78418**
**(361) 884-1657**

Our Job Serial Number: ALN-2025000293

Return

CITATION – Personal Service TRG 99

| | |
|---|---|
| THE STATE OF TEXAS | COUNTY OF SAN JACINTO |

CAUSE NO. **CV18,154**

TO: **LELAND DANDRE BAKER BY SERVING J. BRUCE BUGG, JR., CHAIRMAN OF THE TEXAS TRANSPORTATION COMMISSION, TEXAS TRANSPORTATION COMMISSION – 125 E. 11TH STREET, AUSTIN, TEXAS 78701-2483 - OR WHEREVER HE/SHE MAY BE FOUND**

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."  TRCP. 99

| Court: | 258TH JUDICIAL DISTRICT |
|---|---|
| Cause No.: | CV18,154 |
| Date of Filing: | DECEMBER 2, 2024 |
| Document: | PLAINTIFF'S ORIGINAL PETITION |
| Style of Case: | DAN DALE BURCH VS. ABC SKATEBOARDERS LLC AND LELAND DANDRE BAKER |
| Clerk: | TAMMY CURRIE, District Clerk<br>SAN JACINTO COUNTY, TEXAS |
| Party or Party's Attorney | MICHAEL B. MATHIS – 500 N. SHORELINE BLVD., SUITE 1100, CORPUS CHRISTI, TX 78401-0354 |

Issued under my hand and seal of this said court on this the 4TH day of DECEMBER, 2024.

TAMMY CURRIE, District Clerk
SAN JACINTO County, Texas
BY: _____

### Service Return

Came to hand on the _____ day of _____, 20___, at _____ m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the within named _____ _____ in person a true copy of this citation, with attached copy(ies) of the _____ at _____.

[ ] Not executed. The diligence use in finding defendant being _____

[ ] Information received as to the whereabouts of defendant being _____

| Service Fee: $ _____ | _____ Sheriff/Constable |
|---|---|
| | _____ County, Texas |
| Service ID No. _____ | _____ Deputy/Authorized Person |

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____, 20___
_____ Notary Public

** Service by Rule 106 TRC if directed by attached Court Order

TDCA 2021